Marku v. Lynch

BIA
A097 965 534
A097 965 535

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand sixteen.

PRESENT:
REENA RAGGI,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

LUC MARKU, ELIZABETA MARKU,
*Petitioners,*

v.                                                     14-4241
                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:      Caridad Pastor Cardinale, Pastor &
                     Associates, P.C., Troy, Michigan.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy
                     Assistant Attorney General, Civil
                     Division; Jennifer P. Williams,

Senior Litigation Counsel;
Alexander J. Lutz, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Luc Marku and Elizabeta Marku, natives and citizens of Albania, seek review of a November 3, 2014, decision of the BIA denying their second motion to reopen. *In re Luc Marku, Elizabeta Marku,* Nos. A097 965 534/535 (B.I.A. Nov. 3, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. 8 U.S.C. § 1229a(c)(7)(A) (allowing one

2

motion), (C)(i) (setting 90-day filing deadline); 8 C.F.R. § 1003.2(c)(2) (same). The Markus' May 2014 motion to reopen was untimely and number barred because they filed it over four years after the agency issued its final order of removal in April 2010 and because it was their second motion.

An alien may be excused from those limitations by demonstrating ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). The alien must show prejudice as a result of the ineffective assistance, and must have exercised due diligence in pursuing the claim. *See id.* at 130-31. "[A]n alien must demonstrate that he or she has exercised due diligence" in pursuing a claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* at 132.

The BIA did not abuse its discretion in denying the Markus' motion to reopen as untimely and number barred. The Markus were not diligent in pursuing their ineffective assistance claim for the entire period they seek to toll—that is, from the BIA's 2010 decision on appeal. Moreover, they knew of the ineffectiveness from the time of the 2008 immigration hearing, when their first

3

attorney purportedly submitted fraudulent documents. *See Rashid*, 533 F.3d at 133. They did not raise any ineffective assistance claim until November 2013, when they filed their first motion to reopen, over three years after the BIA's decision and after they knew about the fraudulent documents. This delay showed a lack of due diligence. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d. Cir. 2007) (upholding BIA's finding of lack of due diligence after five-month delay); *Rashid*, 533 F.3d at 132 (upholding BIA's finding of lack of due diligence after 14-month delay).

Because due diligence is a prerequisite to excusing the time and number limitations on filing of a motion to reopen, the Markus' failure to show that diligence is dispositive. We decline to reach the BIA's alternative determination that they failed to show prejudice. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

4

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk